**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                                              NO. 2:07mj43

KAMAL SIDDIQ AL-AMIN,

       Defendant.

<u>ORDER</u>

In accordance with Rule 5.1 of the Federal Rules of Criminal Procedure and the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a preliminary and detention hearing on January 18, 2007. For the reasons set forth below, the Court FINDS that there is probable cause to believe that Defendant committed the charged offense and that his detention is warranted.

At the detention hearing held on January 18, 2007, the Government was represented by AUSA Sherrie S. Capotosto. Defendant was represented by Larry Dash, Esq.

On January 11, 2007, Defendant was charged by criminal complaint with distribution of approximately 12.5 grams of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II narcotic substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

To support a finding of probable cause and to establish that detention is warranted, the Government offered the testimony of Special Agent Christopher Scott of the Bureau of Alcohol, Tobacco, Firearms & Explosives, who executed an affidavit in support of the criminal complaint.  After stipulating that Special Agent Scott would have testified in conformance with the contents of the affidavit, Defendant's counsel cross-examined Special Agent Scott. The Court, having considered the affidavit of Special Agent Scott and his testimony, FINDS the existence of probable cause to believe that Defendant committed the charged offenses.

The Court then determined whether or not to detain the Defendant.  The Court considered the affidavit and testimony of Special Agent Scott as well as the contents of the Pretrial Services Report.  The Court also took note of the proffers of the Government and counsel for Defendant.

The Court considered the nature and circumstances of the charged offenses, the weight of the evidence against Defendant, the presumption in favor of detention,[1] and the history and

---

[1] Because one of these offenses involves a violation of the Controlled Substances Act, 21 U.S.C. §§ 801-864, which carries a maximum prison term of ten (10) years or more, the Court's finding of probable cause establishes a presumption in favor of detention in this case. See 18 U.S.C. § 3142(e).  The Court notes that the defendant did proffer evidence to rebut the statutory presumption in favor of detention, but that presumption still remains a factor to be considered by the Court in evaluating whether the defendant should be detained.  United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985).

characteristics of Defendant, and concludes that Defendant represents a danger to the community and that no condition or combination of conditions will reasonably assure the safety of the community.

Defendant has strong ties to the community, having lived in the Hampton Roads area all of his life. His mother, who is willing to serve as third-party custodian, also resides in the community. Defendant has been convicted of one felony and one misdemeanor. He successfully completed state probation during the period 2002-2004.

However, law enforcement officers have developed strong evidence that Defendant makes his living as a drug dealer. Relying on two search warrants, executed at locations at which Defendant resided or was consistently present, law enforcement officers obtained incriminating evidence, including $13,000.00 in cash, a loaded .40 caliber pistol, cocaine residue, cutting agent, and a digital scale.

Additional evidence, obtained with the assistance of cooperating witnesses, included audio and video recordings of sales of cocaine by Defendant on three occasions: September 7, 2006 (6.6 grams of cocaine); November 14, 2006 (6.7 grams of cocaine); and November 16, 2006 (12.5 grams of cocaine).

Law enforcement officers have also examined the contents of Defendant's trash and have found evidence of the sale and distribution of drugs, including packaging materials and marijuana.

Law enforcement officers have reviewed Defendant's tax and earning records and have determined that his reported income is inconsistent with his apparent material possessions, including the $13,000.00 in cash recovered from his residence and the several luxury automobiles to which he has access.

The Court notes that the risk that Defendant will sell drugs while on release represents a danger to the community. See United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985) (noting that, due to the nature of the charges, the potential for pretrial recidivism exists in accused drug dealers).  Here, because Defendant faces the risk of incarceration for many years as well as a substantial fine, especially because the evidence against Defendant is strong, the Court concludes that Defendant has a strong incentive to continue to sell and profit from the sale of drugs in the community.

In view of the facts set forth above, the Court FINDS by clear and convincing evidence that Defendant represents a danger to the community.  The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community.

The Court therefore ORDERS Defendant DETAINED pending trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d

4

Cir. 1987); <u>United States v. Medina</u>, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (I) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant.

Entered on January 19, 2007

                                                   /s/
                                    F. Bradford Stillman
                                    United States Magistrate Judge